**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **REBECCA A. KNAPP;** | **COMPLAINT** |
| **Plaintiff,** | **Civil Action Number:** |
| **v.** | |
| | 5:26-cv-711 (AJB/MJK) |
| **JAMES P. BOYER; SHAWN D. GWILT; DENNIS HILGENBERG; SUSAN R. GREGORY; BRANDEE WHITE;** | |
| | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

---

Plaintiff **REBECCA A. KNAPP** by and through her attorney Zachary C. Oren, Esq. for her

Complaint against Defendants respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought in part pursuant to §§ 1983 and 1988 of Title 42 of the United States Code and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  This action is for money damages to redress the deprivation by the Defendants of rights secured to the Plaintiff by the Constitution and laws of the Untied States and State of New York.  Jurisdiction of this Court is invoked under provisions of 28 U.S.C. §§ 1331, 1343(3), and 1367 (A) and the aforementioned statutory and constitutional provisions.

2. The facts of which this action arises out of occurred within the United States District Court for the Northern District of New York.

1

**PARTIES AND RELEVANT NON-PARTIES**

3. Plaintiff, **REBECCA A. KNAPP**, during all relevant times herein was and is an adult and a citizen of the United States of America and residing in the State of New York. Plaintiff stands 5 foot 8 inches tall and is not hard of hearing. Upon information and belief, in the late summer/early fall of 2022 Plaintiff had a 2014 Nissan Murano registered to her that was white in color. Rebecca A. Knapp is left handed.

4. The ONEIDA INDIAN NATION is federally recognized Indian Nation[1] existing within the jurisdictional boundaries of the United States District Court for the Northern District of New York.

5. The Oneida Indian Nation maintains and operates a Police Department with its principal place of business located at 306 Diamond Street, Canastota, New York 13032.

6. Important here, upon information and belief, MADISON COUNTY, NEW YORK during all relevant times herein was and is a municipal corporation organized and existing through and by virtue of the laws of the State of New York and who maintains offices at 138 North Court Street, Wampsville, New York 13163 and said municipal corporation is located in the Northern District of New York .

7. Upon information and belief, Madison County operates a Sherriff's Office [hereafter "Madison County Sherriff's Office"] whose principal place of business is also 138 North Court Street, Wampsville, New York 13163. Said Sherriff has the authority to deputize law enforcement officers.

---

[1] Accordingly, to Oneida Indian Nation website last accessed on 4/12/2026 at URL: https://www.oneidaindiannation.com/about-us

8. Additionally, upon information and belief, the Oneida Indian Nation owns and operates Turning Stone Enterprises which is a casino existing by and through the federal Indian Gaming Regulatory Act where Class III gaming activities occur as defined by said Act. Furthermore, in order for said Class III gaming activities to occur under the Act, in 2013 the Oneida Indian Nation was required to enter into a compact with New York State, Madison and Oneida Counties.[2]

9. According to the Oneida Indian Nation website, a true copy of which is attached hereto as **Exhibit A**, the 2013 compact requires that the Madison County Sherriff's Office deputize, under New York State Law, the Oneida Indian Nation Police Offices.

10. Accordingly, Oneida Indian Nation Police Officers act under color of New York State Law as they have a badge, gun, and the ability to arrest and charge individuals in New York State Courts.  (See Exhibit A page 2).

11. Additionally, the Oneida Indian Nation via Turning Stone Enterprises owns and operates a number of SavOn Convenience Stores/gas stations in Madison and Oneida counties.[3]

12. Defendant **JAMES P. BOYER**, during all relevant times herein is or was a duly appointed Onieda Indian Nation Police Officer and charged with caring out his lawful duties and responsibilities in accordance with the law. Upon information and belief **JAMES P. BOYER'S** professional address is at the Onedia Indian Nation Police Department with its principal place of business located at 306 Diamond Street, Canastota, New York 13032.  At all times relevant herein **JAMES P. BOYER'S** actions occurred under color of law, as explained above, and within the scope of his employment.

---

[2]Accordingly, to Oneida Indian Nation website last accessed on 4/12/2026 at URL: https://www.oneidaindiannation.com/2013-historical-agreement

[3] Accordingly, to SavOn website last accessed on 4/12/2026 at URL: https://www.savonstores.com/about.php.

13. Defendant **SHAWN D. GWILT**, during all relevant times herein is or was a duly appointed Onieda Indian Nation Police Officer and charged with caring out his lawful duties and responsibilities in accordance with the law. Upon information and belief **SHAWN D. GWILT'S** professional address is at the Onedia Indian Nation Police Department with its principal place of business located at 306 Diamond Street, Canastota, New York 13032.  At all times relevant herein **SHAWN D. GWILT'S** actions occurred under color of law, as explained above, and within the scope of his employment.

14. Defendant **DENNIS HILGENBERG**, during all relevant times herein is or was a duly appointed Onieda Indian Nation Police Officer and charged with caring out his lawful duties and responsibilities in accordance with the law. Upon information and belief **DENNIS HILGENBERG'S** professional address is at the Onedia Indian Nation Police Department with its principal place of business located at 306 Diamond Street, Canastota, New York 13032.  At all times relevant herein **DENNIS HILGENBERG'S** actions occurred under color of law, as explained above, and within the scope of his employment.

15. Defendant **SUSAN R. GREGORY**, during all relevant times herein is or was a duly appointed Onieda Indian Nation Police Officer and charged with caring out her lawful duties and responsibilities in accordance with the law. Upon information and belief **SUSAN R. GREGORY'S** professional address is at the Onedia Indian Nation Police Department with its principal place of business located at 306 Diamond Street, Canastota, New York 13032.  At all times relevant herein **SUSAN R. GREGORY'S** actions occurred under color of law, as explained above, and within the scope of her employment.

16. Defendant **BRANDEE WHITE** during all relevant times herein is or was employed by the by Oneida Indian Nation's Turning Stone Enterprises working as a Security Official. As the following factual allegations will make clear **BRANDEE WHITE** was operating under color of law either directly through her employment with the Oneida Indian Nation and/or its aforementioned compact, and/or her close collaboration with the aforementioned Oneida Indian Nation Police Officers such that she acted under color of law.  Upon Information and belief, **BRANDEE WHITE** has a professional address of Turing Stone Resort & Casino, 5218 Patrick Road, Verona, New York 13478. Furthermore, **BRANDEE WHITE** operated within the scope of her employment for the Oneida Indian Nation's Turning Stone Enterprises.

17. Upon information and belief, ERICA MARIE MULLIN, is and/or was a heroin addict and has a long criminal history with the Canastota Police Department which includes, but is not limited to, identify theft in the form of stolen credit cards and stolen checks.  Upon information and belief, Erica Mullin is approximately 5 foot 4 inches and is also hard of hearing.  Upon information and belief, in the late summer/early fall of 2022 Erica Mullin had a 2019 Chevrolet Cruze registered to her that would appear to be bluish grey.  Upon information and belief in the late summer/early fall of 2022 Erica Mullin lived at 129 Bruno Road, Canastota, New York, 13032.  Upon information and belief, Ms. Mullin is right-handed.

## STATEMENT OF FACTS

18. Upon information and belief, Turning Stone Enterprise issues OnYx TS Rewards Cards that have redeemable points at various Oneida Indian Nation establishments.

5

19. Upon information and belief, VIRGINIA AIMEE HOYT was the rightful and lawful owner of one such Rewards Card bearing #30329.

20. Upon information and belief, sometime in the late summer/early fall of 2022, Erica Mullin became the wrongful possessor of Ms. Hoyt's aforementioned Rewards Card.

21. Upon information and belief, without the permission of Ms. Hoyt, Erica Mullin used said Rewards Card at a SavOn store located at 356 S. Peterboro Street, Canastota, New York 13032 at the following dates and times:

    a. September 14, 2022 at 1:53 am;

    b. September 18, 2022 at 11:54:35 pm for $37.39, a true copy of the receipt for said transaction attached hereto as **Exhibit B**;

    c. September 20, 2022 at 5:49:59 am for $35.15, a true copy of the receipt for said transaction attached hereto as **Exhibit C**;

    d. September 22, 2022 at 10:05:19 pm for $18.69, a true copy of the receipt for said transaction attached hereto as **Exhibit D**.

22. Upon information and belief, reviewing the camera footage from said SavOn at said dates and times [hereafter referred to as the "SavOn Security Footage"] depicts Ms. Mullin grabbing her ear as she is hard of hearing, using Ms. Hoyt's Rewards card and at one point filing out an employee application. Said footage shows Ms. Mullin using her right hand.

23. Upon information and belief, said SavOn Security Footage shows Ms. Mullin operating her blueish grey Chevrolet Cruze.

24. Plaintiff never set foot in said premise at said dates and times.

25. Plaintiff has never used Ms. Hoyt's Rewards Card.

26. SavOn Security Footage does not depict Plaintiff nor her white 2014 Nissan Murano at said premise at said dates and times.

27. Doing some basic police work that Defendants failed to do, an interview with Elaine Smith, one of the SavOn store clerks, reveals that Ms. Smith after reviewing some of the SavOn Security Footage confirmed Mr. Mullin is depicted in said SavOn Security Footage.

28. On September 23, 2022 Ms. Hoyt noticed that her Rewards Card was missing points so she reported it to the Oneida Indian Nation which Defendant Hilgenberg was assigned to investigate.

29. On October 10, 2022 Plaintiff went on a date to the TS Steak House, a restaurant located at the Turning Stone Casino.

30. On or about October 26, 2022 Defendant White reviewed the security footage of the date with Plaintiff's white 2014 Nissan Murano and incorrectly reported that Plaintiff was the individual using Ms. Hoyt's Rewards Card in the SavOn Security Footage.

31.  Accordingly, Defendant White reported her false identification to Defendant Gregory who in turn informed Defendant Hilgenberg.

32. Plaintiff bar tended at the Marble Hill Inn and would have to serve Defendant White, who was a frequent customer of the establishment.  Defendant White would always give Plaintiff dirty looks and would be rude to Plaintiff.

33. Then on December 5, 2022 Defendant Hilgenberg transferred the investigation to Defendant Boyer.

34. Based on the records available to Plaintiff it does not appear that any further investigative steps were taken.

35. On April 11, 2023 Defendant Boyer signed under oath the two fabricated criminal accusatory instruments attached hereto as **Exhibit E**.

36. Furthermore, it should be noted that the criminal accusatory have the wrongs times amounts reported based on the receipts taken into evidence by Defendants as illustrated by the following table:

| Date | Time in Accusatory | Correct Time from Receipt | Amount in Accusatory | Correct Amount from Receipt | Receipt Exhibit Source |
|---|---|---|---|---|---|
| 9/14/2022 | n/a | n/a | n/a | | Defs. Failed to retrieve receipt |
| 9/18/2022 | 12:00 AM | 11:54:35 PM | $45.36 | $37.39 | Exhibit B |
| 9/20/2022 | 5:50AM | 5:49:59 AM | $32.25 | $35.15 | Exhibit C |
| 9/22/2022 | 10:07 AM | 10:05:19 PM | $22.68 | $18.69 | Exhibit D |

8

37. Upon information and belief, on April 16, 2023 Plaintiff was arrested by Defendants Boyer and Gwilt without a warrant on the Criminal Accusatories.

38. Upon information belief, the aforementioned criminal case against Plaintiff was never submitted to the Madison County Grand Jury.

39. Plaintiff sat in jail all day and at 8:25 pm Plaintiff was arraigned on said charges in Madison County CAP (Central Arraignment Part) Court, on April 16, 2023.

40. Plaintiff was released on her own recognize under N.Y. Crim. Proc. Law § 510.40 which requires that she "render [her]self at all times amenable to the orders and processes of the court." [hereafter referred to as "ROR"].

41. The case was transferred to the Canastota Village Court, as the Forgery Second, a felony charge, had to be reduced to Forgery Third, a misdemeanor, because there was no basis for it.

42. Upon information and belief, Plaintiff appeared approximately two or three times on the aforementioned criminal charges.

43. Then on June 29, 2023 the Canastota Village Court dismissed the aforementioned charges.

44. A true copy of the Canastota Village Court's docket is attached hereto as **Exhibit F**.

### AS AND FOR A FIRST CAUSE OF ACTION
### A FEDERAL CLAIM OF FALSE ARREST IN VIOLATION OF THE FOURTH AMENDMENT BROUGHT UNDER § 1983 AGAINST ALL DEFENDANTS

45. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

46. As factually plead above, on April 16, 2022 Defendants caused Plaintiff to be arrested thereby intentionally confining Plaintiff.

47. At all relevant times, based on the facts as pled above, all named Defendants intentionally confined Plaintiff without probable cause and/or arguable probable cause or in the alternative said probable cause and/or arguable probable cause for Plaintiff's detention had dissipated.

48. At all relevant times Plaintiff did not consent to the confinement.

49. At all relevant times Plaintiff was aware of the confinement.

50. At all relevant times Plaintiff's confinement was not otherwise privileged.

51. The aforementioned confinement was proximately caused by the intentional acts of the Defendants executed under color of law.

52. At all relevant times, based on the facts as pled above, Defendants intentionally falsely arrested Plaintiff in violation of her clearly established Fourth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation.

**AS AND FOR A SECOND CAUSE OF ACTION**
**A FEDERAL CLAIM OF MALICIOUS PROSECUTION IN VIOLATION OF THE**
**FOURTH AMENDMENT BROUGHT UNDER § 1983 AGAINST ALL DEFENDANTS**

53.  Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

54. As factually plead above, all named Defendants directly participated in the initiation and continuation of criminal proceedings against Plaintiff.

55. Plaintiff was RORed under N.Y. Crim. Proc. Law § 510.40 which requires that she "render [her]self at all times amenable to the orders and processes of the court."

10

56. The above-mentioned acts were an unconstitutional seizure depriving Plaintiff of the use and enjoyment of her persons, papers, and effects in violation of the Fourth Amendment.

57. The above-mentioned acts deprived Plaintiff of her Constitutionally protected liberty interests.

58. As factually plead above, Plaintiff suffered a liberty restraint on her constitutional rights due to the intentional acts and/or omissions by Defendants.

59. As a result of the aforementioned criminal prosecution Plaintiff was seized within the meaning of the Fourth Amendment.

60. The above-mentioned acts caused Plaintiff to suffer a harm of Constitutional proportions.

61. At all relevant times herein, Defendants' maliciously prosecuted Plaintiff in bad faith by maliciously, willfully, intentionally, and lying under oath in their criminal accusatories and/or other documents to create probable cause.

62. The said charges and subsequent prosecution were not supported by probable cause.

63. The said charges and subsequent prosecution were not supported by arguable probable cause.

64. The aforementioned disposition of the criminal case was a termination without a conviction which is a termination Plaintiff's favor.

65. The aforementioned criminal prosecution, seizure/confinement, restraint of constitutionally protected liberty interest and damages Plaintiff sustained as a result thereof, was proximately caused by the intentional acts of the Defendants.

66. At all relevant times, based on the facts as pled above, Defendants under color of law intentionally maliciously prosecuted Plaintiff in violation of her clearly established

11

Fourth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation.

**AS AND FOR A THIRD CAUSE OF ACTION**
**A FEDERAL CLAIM OF FABRICATION OF EVIDENCE IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS BROUGHT UNDER § 1983 AGAINST ALL DEFENDANTS**

67. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

68. As factually pled above in the foregoing paragraphs, at all relevant times herein, Defendants were investigating officials – i.e. sworn Oneida Indian Nation Police Officer(s) and/or Security Official(s).

69. As factually plead and detailed above, Defendants fabricated evidence in their sworn-to criminal accusatory instruments.

70. As factually plead and detailed in the foregoing paragraphs, the nature of this fabricated evidence would influence a jury's decision in a criminal trial because of the impeachment and/or probative (or lack thereof) value against Defendants, and there can be no criminal prosecution without a sworn to valid criminal accusatory instrument.

71. As factually plead and detailed in the foregoing paragraphs, Defendants forwarded this false information to prosecutors from the Madison County District Attorney's office, upon information and belief, including but not limited the following documents: **Exhibit E –** Criminal Accusatories.

72. As factually plead and detailed in the foregoing paragraphs, Plaintiff suffered numerous deprivations of liberty as a result of this fabricated evidence.

73. Defendants' actions and/or inactions caused Plaintiff to suffer the harms complained of herein.

74. At all relevant times, based on the facts as pled above, Defendants intentionally fabricated evidence against Plaintiff in violation of her clearly established Fifth, Sixth, and Fourteenth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation.

## AS AND FOR A FOURTH CAUSE OF ACTION
## A 42 USC § 1983 CLAIM OF ABUSE OF PROCESS IN VIOLATION OF THE FOURTEENTH AMENDMENT BROUGHT UNDER § 1983 AGAINST ALL DEFENDANTS

75. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

76. Based on the foregoing, the individual Defendants initiated legal processes against the Plaintiff, rendering Plaintiff to be RORed, and requiring Plaintiff's appearance in Court.

77. Based on the foregoing, said Defendants did institute said process to do harm to Plaintiff, without excuse or justification, as there was no basis whatsoever for the charges.

78. Based on the foregoing, the individual Defendants did initiate said process under color of law with a collateral objective that is outside the legitimate ends of the process.

79. Said abuse of process caused the harms Plaintiff suffered as detailed in her prayer for relief section of this Complaint.

80. At all relevant times, based on the facts as plead above, the individual Defendants violated Plaintiffs' clearly established Fourteenth Amendment rights and Plaintiffs bring this claim under 42 USC § 1983 to remedy this Constitutional violation.

## IN THE ALTERNATIVE AS A FIFTH CAUSE OF ACTION
## A 42 USC § 1983 CLAIM OF FAILURE TO INTERVENE AGAINST ALL DEFENDANTS

81. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

13

82. Based on the facts as plead above, at all relevant times the above named Defendants had a reasonable opportunity to intervene with the unconstitutional arrest and prosecution of Plaintiff.

83. In fact the record details that the Defendants encouraged and actively participated in the unconstitutional prosecution of Plaintiff.

84. At all relevant times, based on the facts as pled above, all named Defendants failed to intervene when Plaintiff's clearly established Fourth, Fifth, Sixth, and Fourteenth Amendment Constitutional Rights where being violated and Plaintiff brings this claim under 42 USC § 1983 to remedy these Constitutional violations.

**WHEREFORE**, Plaintiff demands judgment against all the Defendants, each of them, jointly and severally, for as follows:

    A. Monetary compensatory damages to be determined by a jury, including but not limited to, conscious pain and suffering, loss of employment, lost wages, lost benefits of employment, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of enjoyment of hobbies, and loss of Fourth, Fifth, Sixth, and Fourteenth Amendment rights;

    B. Punitive damages to be determined by a jury;

    C. Attorneys fees as part of costs and the costs of this action pursuant to 42 USC § 1988;

    D. Such other and further relief as this Court determines to be just, fair, appropriate, and proper.

14

**<u>JURY DEMAND</u>**

Plaintiff demands a jury trial of all claims stated herein.

Respectfully submitted,

Dated: April 13, 2026

*/s/ Zachary C. Oren*
**Ward Arcuri Law Firm**
By: Zachary C. Oren, Esq.
*Attorneys for Plaintiffs*
185 Genesee Street, Suite 1201
Utica, NY 13501
Telephone: (315) 797-7300
Email: zach@wardarcuri.com